The defendants put in their answers, to which the plaintiffs replied, and several depositions were taken; and on the hearing the county court ordered an account of the estate of the testator to be taken, by an auditor to be appointed by the court. The auditor took the account and made his report, whereby he stated a balance to be due to the defendants. The plaintiffs excepted to the report, and the exceptions were argued and overruled. And thereupon the plaintiffs appealed to the Superior Court.
The question is whether the Superior Court, acting on this appeal, shall proceed de novo, hear the petition, answers, and depositions, and, if necessary, refer the cause again to an auditor to take an account, as is contended by the counsel of the plaintiffs; or shall that court begin at the exceptions, have them argued, allow or disallow them, and overturn or confirm the report accordingly, as defendant's counsel contends.
If the court shall be of opinion to begin at the exceptions, then the plaintiff's counsel wish to add others; shall they be permitted to do so, with or without costs?
The foundation of the appeal is the judgment rendered by the county court, in overruling the exceptions taken by the plaintiffs. This is the error he complains of, and the one for which he seeks a remedy in moving the case up. The obvious and the natural course, therefore, is for the Superior Court to examine, in the first place, whether those exceptions are well founded, and, consequently, (606) whether the county court did right in overruling them. Though this is the point where they ought to begin, in the further progress of the cause, yet we cannot undertake to say that it is the one where they ought to stop; for the justice of the cause may require that they should proceed, and give such judgment as the county court ought to have given, in the event of the cause having remained there. We say "may require," because it would be equally impossible and improper to prescribe any rule for their ulterior decision.
NOTE. — See Burton v. Sheppard, 2 N.C. 399.